UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Labron Yeager, | : | Case No. 5:05CV0123 |
| | : | |
| Petitioner | : | Judge Patricia A. Gaughan |
| | : | |
| v. | : | Magistrate Judge David S. Perelman |
| | : | |
| Julius Wilson, Warden, | : | **REPORT AND RECOMMENDED** |
| | : | **DECISION** |
| Respondent | : | |

In this pro se action in habeas corpus, 28 U.S.C. §2254, petitioner challenges the constitutionality of his April 10, 2002 conviction pursuant to a jury trial of four counts of breaking and entering, upon which he is currently serving sentences of twelve months incarceration on each count, to be served consecutively to each other.[1]

Petitioner appealed his convictions to the Ohio Ninth District Court of Appeals, alleging one assignment of error challenging the trial court's imposition of maximum consecutive sentences. On April 9, 2003 the state appellate court affirmed the judgment of conviction and sentences.

Petitioner did not appeal that decision to the Ohio Supreme Court.

Instead, on June 24, 2004, more than fourteen months after the Ohio Ninth District Court of Appeals issued its decision affirming petitioner's conviction and sentences, petitioner filed with that court

---

[1]Petitioner was also acquitted of five counts of breaking and entering, and the jury was deadlocked on a charge of engaging in a pattern of corrupt activity.

an application for delayed reopening of his direct appeal pursuant to Rule 26(B) of the Ohio Rules of Appellate Procedure, claiming that he had been denied the effective assistance of appellate counsel by reason of counsel's alleged refusal to raise the issue of actual innocence. He also argued that he had good cause for the untimely filing of his Rule 26(B) application by reason of his appellate counsel's failure to inform him of the time limit for filing such an application.

On August 3, 2004 the appellate court denied petitioner's application to reopen his direct appeal, finding that petitioner's "unawareness of the law does not constitute 'good cause' for his delay in filing his application to reopen his appeal."

Petitioner appealed that ruling to the Ohio Supreme Court on September 17, 2004, and on December 1, 2004 that court denied him leave to appeal and dismissed the appeal as not involving any substantial constitutional question.

On January 17, 2005 the petitioner filed the instant petition for writ of habeas corpus, in which he alleges the following two claims for relief:

>    A. **GROUND ONE:** Appellant [sic] argues that the failure to consider his claim will result in a fundamental miscarriage of Justice, pursuant to the holding set forth in Coleman v. Thompson, 501 U.S. 750.
>
>    B. **GROUND TWO:** The Appellant [sic] was denied the effective assistant of Appellate Counsel, where Counsel intentionally failure [sic] to raise and argue on Direct Appeal that the evidence, as it relates to count seven (7) was clearly insufficient as a matter of law to support the Jury's verdict of conviction.

Respondent has moved to dismiss the instant petition as having been untimely filed.

The provisions of the Antiterrorism and Effective Death Penalty Act, "AEDPA," Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 26, 1996) are controlling herein as the instant petition was filed after the Act's

2

effective date. Lindh v. Murphy, 521 U.S. 320 (1997).

Title 28 U.S.C. § 2244 provides that a petition for writ of habeas corpus by a state prisoner must be filed within one year. Under § 2244(d)(1) the one year limitations period does not begin to run until "the conclusion of direct review or the expiration of time for seeking such review." Section 2244(d)(2) further provides that: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Regardless of that tolling provision, once that one year limitations period has expired it cannot be revived. Vroman v. Brigano, 346 F.3d 598, 601-602 (6th Cir. 2003), quoting Rashid v. Khulman, 991 F.Supp. 254, 259 (S.D.NY 1998) ("Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.").

While it is true that under Ohio law, a Rule 26(B) application to reopen an appeal is considered to be part of the direct criminal appeal and, therefore, tolls the running of the one year limitation period under §2244(d) while it is pending before the Ohio courts, Bronaugh v. Ohio, 235 F.3d 280, 283-286 (6th Cir. 2000), the filing of a Rule 26(B) application cannot revive an expired limitations period and begin it anew. Searcy v. Carter, 246 F.3d 515, 519 (6th Cir. 2001), cert. denied, 534 U.S. 905 (2001), quoting Bronaugh v. Ohio, supra at 285 ("This court has recently made clear, however, that even a Rule 26(B) application, though part of the direct appeal process, will not delay the starting of the statute of limitations[.]")

The petitioner argues that because a Rule 26(B) application to reopen is considered to be part of a direct criminal appeal, the one year limitations period for filing a petition for writ of habeas corpus cannot begin to run until the state court decisions on that application have become final, so that a Rule 26(B)

application would renew the limitations period, as opposed to tolling it, a proposition for which he cites the decision of the Sixth Circuit Court of Appeals in White v. Schotten, 201 F.3d 743 (6th Cir. 2000), cert. denied, 531 U.S. 940 (2000).

That argument is unpersuasive for each of several reasons.

First, that case was brought in 1995, prior to the enactment of the AEDPA, so that a different rationale applied.

In addition, the issue decided in that case was whether a criminal defendant had the constitutional right to the effective assistance of counsel while pursuing a Rule 26(B) application to reopen an appeal based on the ineffective assistance of appellate counsel. Id. at 752-753. The court held that because a Rule 26(B) application to reopen was part of the direct appeals process, the criminal defendant had the right to effective assistance of counsel while pursuing that application. Id. at 753. That case did not address what effect filing a Rule 26(B) application to reopen would have on an already expired limitations period for filing a petition for writ of habeas corpus.

Furthermore, more recently the Ohio Supreme Court has rejected the notion that Rule 26(B) applications to reopen are part of direct appeals instead holding, "[T]he [Ohio] App.R. 26(B) process represents a collateral postconviction remedy and is not part of the original appeal." Morgan v. Eads, 104 Ohio St.3d 142, 147-148, 818 N.E.2d 1157 (2004).

Finally, published cases decided by the Sixth Circuit after White v. Schotten, including Searcy v. Carter, supra and Bronaugh v. Ohio, supra, have held that while delayed appeals/applications to reopen have been deemed by the Sixth Circuit to be part of the direct appeal process the statute of limitations is tolled only during the time in which the delayed appeal/application to reopen was actually pending in the

4

Ohio courts, so that a limitations period which had already expired could not be revived by filing those actions.[2]

In the present case, petitioner's conviction became final 45 days after the April 9, 2003 state appellate court affirmance of his convictions on direct appeal, the date upon which petitioner would have had to file an appeal of that decision to the state supreme court. Rule II, § 2(A)(1) of the Rules of Practice of the Ohio Supreme Court. That date was May 24, 2003, which was a Saturday, so that the filing date would have ordinarily been put off until the following Monday, except for the fact that Monday, May 26, 2003 was Memorial Day, so that the date upon which an appeal to the state supreme court would have been due was Tuesday, May 27, 2003. Rule XIV, § 3 (A) of the Rules of Practice of the Ohio Supreme Court. When petitioner did not file such an appeal to the state supreme court, the one year limitations period within which his habeas petition was due to be filed began to run on that date.

Petitioner did not file another pleading within that one year period, his next pleading not having been filed until June 24, 2004, so there can be no question of tolling as the limitations period had already expired.

Finally, there is nothing in the record to suggest that equitable tolling is warranted in this case to permit review of petitioner's time-barred claims for relief in habeas corpus. Although petitioner argues that refusal to consider the claims for relief raised in these proceedings will result in a fundamental miscarriage of justice due to his alleged actual innocence, in order to succeed on such a claim the petitioner would be

---

[2]Petitioner relies on <u>Lambert v. Warden, Ross Correctional</u>, 81 Fed.Appx. 1, 2003 U.S.App. LEXIS 18315 (6th Cir. 2003), a case which conflicts with the aforementioned Sixth Circuit opinions and which is unpublished, undermining its precedential value in the face of contrary published opinions. <u>United States v. Roper</u>, 266 F.3d 526, 530 (6th Cir. 2001); Rule 28(g) of the Rules of Practice of the Sixth Circuit Court of Appeals. The Ohio Supreme Court in <u>Morgan v. Eads</u>, <u>supra</u> at 147, cited <u>Lambert</u>, <u>supra</u> at 5, as noting that "In Ohio courts, the response to <u>White</u> was unanimously hostile."

required[3] to establish the existence of reliable new evidence, being evidence which had been unavailable for presentation or improperly excluded in the state courts, which would have undermined confidence in the outcome of the trial, and which would have "[shown] that it is more likely than not that no reasonable juror would have convicted [petitioner.]" Schlup v. Delo, 513 U.S. 298, 324-329 (1995). Plaintiff has failed to make such a showing.

That being so, the instant petition was untimely filed and, therefore, it is recommended that it be dismissed.

s/DAVID S. PERELMAN
United States Magistrate Judge

DATE: August 11, 2005

**OBJECTIONS**

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

---

[3] It is the petitioner's burden to establish entitlement to the affirmative defense of equitable tolling. Allen v. Yukins, 366 F.3d 396, 401 (6th Cir. 2004), cert. denied, 125 S.Ct. 200 (2004); McClendon v. Sherman, 329 F.3d 490, 494 (6th Cir. 2003).