**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Labron L. Yeager** | ) | **CASE NO. 5:05 CV 00123** |
| | ) | |
| **Petitioner,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Julius Wilson, Warden,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Respondent.** | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Perelman (Doc. 10) which recommends dismissal of the Petition for Writ of Habeas Corpus pending before the Court.  For the following reasons, the Report and Recommendation is ACCEPTED.

**Introduction**

Petitioner, Labron Yeager, commenced this action with the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  The Magistrate Judge issued his Report and Recommendation recommending that the Petition be dismissed.  Petitioner has failed to file objections to the Report and Recommendation.

1

**Standard of Review**

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides as follows:

> The judge must determine *de novo* any proposed finding or recommendation to which objection is made.  The judge may accept, reject, or modify any proposed finding or recommendation.

When no objections have been filed this Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.  *See* Advisory Committee Notes 1983 Addition to Federal Rule of Civil Procedure 72.

**Conclusion**

This Court fully agrees with the reasoning and conclusions of the Magistrate Judge and, having found no clear error, completely adopts his factual and legal conclusions as its own and incorporates them herein by reference.[1]  Accordingly, for the reasons set forth in the Magistrate Judge's Report and Recommendation, the Petition for Writ of Habeas Corpus is dismissed.

Furthermore, the Court declines to issue a certificate of appealability.  A certificate of appealability only issues as follows:

---

[1] The main legal issue before the Magistrate Judge was whether the filing of an application for delayed reopening of an appeal pursuant to Rule 26(B) of the Ohio Rules of Appellate Procedure renews the one year limitation period for filing a petition for writ of habeas corpus under 28 U.S.C. § 2244(d).  The Magistrate Judge concluded that it did not.  The *en banc* Sixth Circuit recently reached the same conclusion in a case decided after the Report and Recommendation was filed.  *See Lopez v. Wilson*, No. 01-3875 (6th Cir. October 7, 2005) (overruling *White v. Schotten*, which had provided the basis for arguing that Rule 26(B) renews the limitation period).

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).

Here, petitioner's claim is being dismissed due to procedural default, namely, the petitioner's failure to comply with the applicable statute of limitations.  In such a case, a certificate of appealability should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis supplied).

For the reasons stated in the Report and Recommendation, the Court concludes that jurists of reason would not find it debatable that petitioner's claims are barred by the statute of limitations.  Accordingly, the Court declines to issue a certificate of appealability.

IT IS SO ORDERED.


/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
Dated: 10/31/05                    United States District Judge